2019 PA Super 194

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM BONNY SMITH | : | |
| | : | |
| Appellant | : | No. 1695 MDA 2018 |

Appeal from the Judgment of Sentence Entered September 14, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0002747-2017

BEFORE:   LAZARUS, J., MURRAY, J., and STEVENS*, P.J.E.

OPINION BY MURRAY, J.:                                    **FILED JUNE 20, 2019**

William Bonny Smith (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of attempted rape of a child, attempted involuntary deviate sexual intercourse with a child, three counts of indecent assault of a person less than 13 years of age, unlawful contact with a minor, and corruption of minors.[1]  Upon review, we affirm.

The charges in this case arose from Appellant's attempted rape and repeated sexual abuse of a child victim between June 2015 and July 2016. The Commonwealth filed a criminal complaint against Appellant on May 1, 2017.  On April 3, 2018, the case proceeded to trial. The jury convicted Appellant of the above crimes on April 4, 2018.

___

[1] 18 Pa.C.S.A. §§ 901(a)/3121(c), 901(a)/3123(b), 3126(a)(7), 6318(a)(1), and 6301(a)(1)(ii).

___

* Former Justice specially assigned to the Superior Court.

On September 14, 2018, the trial court sentenced Appellant to an aggregate 7 to 20 years of imprisonment. Appellant did not file any post-sentence motions. On October 12, 2018, Appellant filed this timely appeal. Both the trial court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents a single issue for our review:

> I. Did the trial court err in barring the defense from presenting a character witness to testify as to [Appellant's] character trait of appropriateness with children in the community pursuant to Pennsylvania Rule of Evidence 404(a)(2)(A)?

Appellant's Brief at 6.[2]

Appellant argues that the trial court "erred in not permitting [him] to introduce character evidence on his own behalf for the character trait of appropriateness with children." *Id.* at 11. We recognize that "[q]uestions concerning the admissibility of evidence lie within the sound discretion of the trial court, and a reviewing court will not reverse the trial court's decision absent a clear abuse of discretion." *Commonwealth v. Young*, 989 A.2d 920, 924 (Pa. Super. 2010) (citations omitted).

---

[2] Appellant's Rule 1925(b) statement raises an additional evidentiary claim not presented in his appellate brief. *See* Rule 1925(b) Statement, 11/5/18, at 1. However, because Appellant abandoned the claim in his brief, we will not address it. *See* Appellant's Brief at 6 n.1 ("Although counsel included two issues in the Statement of Errors, counsel has chosen only to proceed with one issue."); *see also Commonwealth v. Briggs*, 12 A.3d 291, 310 n.19 (Pa. 2011), *cert. denied*, 132 S. Ct. 267 (2011) (refusing to address claim appellant raised with trial court but subsequently abandoned in brief).

Upon review, we find that Appellant's issue is waived because he failed to raise a timely objection at trial. "The absence of a contemporaneous objection below constitutes a waiver of the claim on appeal." ***Commonwealth v. Rodriguez***, 174 A.3d 1130, 1145 (Pa. Super. 2017) (citing ***Commonwealth v. Powell***, 956 A.2d 406, 423 (Pa. 2008)). Our Supreme Court has stated:

> [I]t is axiomatic that issues are preserved when objections are made timely to the error or offense. ***See Commonwealth v. May***, [] 887 A.2d 750, 761 ([Pa.] 2005) (holding that an "absence of contemporaneous objections renders" an appellant's claim waived); and ***Commonwealth v. Bruce***, [] 916 A.2d 657, 671 ([Pa. Super.] 2007), *appeal denied,* [] 932 A.2d 74 ([Pa.] 2007) (holding that a "failure to offer a timely and specific objection results in waiver of" the claim). Therefore, we shall consider any issue waived where Appellant failed to assert a timely objection.

***Commonwealth v. Baumhammers***, 960 A.2d 59, 73 (Pa. 2008).

> Similarly, this Court has stated:
>
> Our Pennsylvania Rules of Appellate Procedure and our case law provide the well-established requirements for preserving a claim for appellate review. It is axiomatic that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "The absence of a contemporaneous objection below constitutes a waiver" of the claim on appeal. ***Commonwealth v. Powell***, [] 956 A.2d 406, 423 ([Pa.] 2008); ***Tindall v. Friedman***, 970 A.2d 1159, 1174 (Pa. Super. 2009) ("On appeal, we will not consider assignments of error that were not brought to the tribunal's attention at a time at which the error could have been corrected or the alleged prejudice could have been mitigated.") (citation omitted)).

***Rodriguez***, 174 A.3d at 1144–45. We further note that where an appellant includes an issue in his Pa.R.A.P. 1925(b) statement, such inclusion does not

"resurrect" a waived claim. *Id.* at 1145 n.6 (citing **Steiner v. Markel**, 968 A.2d 1253 (Pa. 2009)).

In this case, after an off-the-record conference between the parties and the trial court, the following on-the-record discussion took place during trial:

> [COURT]:  One of the points that was submitted by the defense was [Appellant's] character and reputation.  Upon further review of this, [defense counsel], my understanding is, as an offer of proof, that you were intending to call a witness with regard to character reputation specifically with regard to appropriateness with children, as opposed to general character of truthfulness, law-abiding and veracity.  Do you have any case law that allows specific character evidence with regard to appropriateness with children?
>
> [Defense Counsel]:  I just — honestly, Your Honor, I sort of made that up as the most appropriate character trait.  You know, we're not talking about, like, a per se violent crime, so I wasn't sure that peacefulness would be appropriate.
>
> [COURT]:  Because my understanding is the case law is pretty clear that character — reputation testimony with regard to character is only permitted with regard to general nature of truthfulness, peacefulness, I'm not aware of any case law that says you can get specific about appropriateness with children.  So I don't even think we get to the issue of whether or not the Commonwealth is permitted to cross-examine any witnesses who would testify with regard to appropriateness with children because I think in the first instance the only character evidence that is admissible is the general character reputation evidence with regard to truthfulness, peacefulness, law-abiding aspect of the defendant and not — you're not permitted to drill down further to appropriateness with children.  So I don't even think we get to that.
>
> [Defense Counsel]:  I mean, Your Honor, I would certainly be happy to make it a more general discussion of [Appellant's] character.  Appropriateness with children is awkward in the extreme to even ask about, it's a weird thing to ask about.  So

general character would be fine with me. However, I imagine that [the Commonwealth] thinks that I will run into the same problem.

[COURT]: Well, I —

[Commonwealth]: If they're going to testify as to his law-abidingness, he does have a prior record.

[COURT]: Well —

[Defense Counsel]: It's a DUI.

[COURT]: Well, if you are going to get into law-abidingness, then that opens the door with regard to whether or not he is or is not law-abiding. If you are going to limit it to his character — and it's got to be general, you can't get specific. It's got to be his general character within the community for peacefulness. Unless there is something on the — that the Commonwealth is aware of that deals with peacefulness, you may be able to do that, but I'm concerned that you are walking a tight rope that is tenuous at best.

[Defense Counsel]: Which is why I probably still will not be asking about character, **but I will decide that for sure after the Commonwealth rests and prior to calling any witnesses**.

[COURT]: That's fine and that's your prerogative. We'll have a discussion — a further discussion if you intend to pursue that.

[Defense Counsel]: Yes, Your Honor.

[COURT]: Okay. All Right. Are we prepared to proceed at this point?

[Commonwealth]: Yes, Your Honor.

[Defense Counsel]: Yes.

N.T., 4/4/18, at 208-211.

When the Commonwealth rested its case-in-chief, the following dialogue occurred:

[COURT]: Ladies and gentlemen, you have heard all of the testimony you will hear from the Commonwealth. Now would be the time where the defense would call witnesses, if they choose to do so. I remind you, however, that the defense is under no obligation to call any witnesses, present any testimony or do anything, and you may not hold that against [Appellant] if that's what the defense chooses to do. [Defense Counsel]?

[Defense Counsel]: Your Honor, I am not presenting any witnesses; however, I would move for the admission of Defense Exhibit 1.

[COURT]: Any objections?

[Commonwealth]: No, Your Honor.

[COURT]: All right. That exhibit is admitted.

[Defense Counsel]: The defense would rest.

[COURT]: All right. You have now heard all of the evidence you will hear in this case. All that remains are the closing arguments of counsel and my instructions to you on the law.

N.T., 4/4/18, at 256-57.

Upon review of the record, specifically the excerpts from the notes of testimony reproduced above, it is clear that Appellant's counsel failed to place a timely objection on the record to the trial court's denial of the request to present evidence regarding Appellant's appropriateness with children. The trial court, in its opinion, states: "[I]n his proffer of character witness testimony to the [trial court], [Appellant's] counsel asserted one potential pertinent trait to which 'a witness' would attest: [Appellant's] 'appropriateness with children.' **This [c]ourt prohibited this evidence** as it did not bear a special relationship to the charges of child sexual abuse, nor was the proposed

trait sufficiently tailored to those charges." Trial Court Opinion, 11/13/18, at 8 (citation to notes of testimony omitted, emphasis added).

To preserve the issue, Appellant was required to make a contemporaneous objection to the trial court's determination. Also, after the Commonwealth rested, defense counsel did not seek to present a character witness, nor did counsel voice an objection. Instead, counsel proceeding to closing arguments. Thus, Appellant's issue is waived.[3] **See Commonwealth**

---

[3] This Court will not overlook waiver simply because the trial court substantively addressed the issue in its 1925(a) opinion. **See Commonwealth v. Melendez-Rodriguez**, 856 A.2d 1278, 1287-89 (Pa. Super. 2004) (*en banc*). In this case, waiver notwithstanding, the trial court opined:

> Given the facts of this case and the lack of appellate case law, this [c]ourt determined that [Appellant's] trait of "appropriateness with children" was not a pertinent character trait under Rule of Evidence 404(a)(2) in a case involving rape of a child, IDSI, indecent assault and other related sexual offenses. **See Commonwealth v. Johnson**, 27 A.3d 244 (Pa. Super. 2011) (holding the proposed testimony by the defendant's siblings, nieces, nephew, and best friend was not proper character evidence of defendant's reputation for chastity in the community, as necessary for admission in prosecution for sexual offenses involving neighbors' five-year-old daughter, where proposed witnesses opined that defendant always acted appropriately around children in his family[]); **Commonwealth v. Van Horn**, 797 A.2d 983, 987-88 (Pa. Super. 2002) (holding rape defendant's relatives' proffered testimony that defendant had never sexually abused them and defendant had a good relationship with his minor daughter, the victim, did not constitute proper character testimony as it was not evidence of his "general reputation in the community"). . . .

***v. Montalvo***, 956 A.2d 926, 936 (Pa. 2008) (recognizing "the general rule that, in order to preserve a claim on appeal, a party must lodge a timely objection at trial.") (citing, *inter alia*, **Commonwealth v. May**, 887 A.2d 750, 758 (Pa. 2005) ("To the extent the claims would sound in trial court error, they are waived due to the absence of contemporaneous objections."); Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Consistent with the foregoing, Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/20/2019

_____

Th[e trial c]ourt prohibited this evidence as it did not bear a special relationship to the charges of child sexual abuse, nor was the proposed trait sufficiently tailored to those charges. Having an "appropriate" attitude toward children does not preclude a defendant from sexually abusing them. Such evidence would only be relevant if [Appellant] demonstrated that a person who is "appropriate" is less likely to be a sexual predator. [Appellant] provided no evidence that there was a correlation between the two or that the trait of "appropriateness" has any bearing on a person's tendency to sexually abuse children.

Trial Court Opinion, 11/13/18, at 8, 9-10.