J-S03040-21

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LANCE ROGERS, | : | |
| | : | |
| Appellant | : | No. 287 WDA 2020 |

Appeal from the Judgment of Sentence Entered January 31, 2020
in the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0002599-2018

BEFORE:   DUBOW, J., MURRAY, J. and STRASSBURGER, J.*

MEMORANDUM BY DUBOW, J.:                    **FILED:  July 30, 2021**

Appellant, Lance Rogers, appeals from the Judgment of Sentence entered on January 31, 2020, after a jury convicted him of ten counts of Person Not to Possess a Firearm, and one count each of Possession with Intent to Deliver a Controlled Substance ("PWID"), Possession of a Controlled Substance, and Possession of Drug Paraphernalia.[1]  After careful review, we affirm.

As part of an ongoing investigation, police executed a search warrant on October 26, 2018, at Appellant's home, which he shared with his girlfriend, Ashley Ruffin, and two small children.  Police recovered, *inter alia*, 10 firearms, 184 stamp bags of heroin, and a plastic baggie of cocaine from

---

[1] 18 Pa.C.S. § 6105(a)(1), and 35 P.S. §§ 780-113(a)(30), (a)(16), and (a)(32), respectively.

* Retired Senior Judge assigned to the Superior Court.

inside the home, and one firearm from a vehicle outside the home. Appellant was legally prohibited from possessing firearms. As a result of the search, Appellant was charged with various firearm and drug violations.

On November 1, 2019,[2] a jury convicted Appellant as indicated above.[3] Regarding the firearm convictions, the jury found Appellant physically possessed or controlled the ten firearms, which altered the grading of his firearms convictions from a felony of the second degree to a felony of the first degree, pursuant to 18 Pa.C.S. § 6105(a.1)(1.1)(i)(B).

On January 31, 2020, the court sentenced Appellant to an aggregate term of 20 to 40 years of imprisonment.[4] Appellant did not file a post-

_____

[2] The title pages for the Notes of Testimony of Appellant's jury trial are incorrectly labeled as October 29, 2018 (Volume I), October 30, 2018 (Volume II), October 31, 2018 (Volume III), and October 31, 3018 (Volume IV). Volume I actually recorded the testimony given on October 29, 2019, Volume II recorded October 30, 2019, Volume III recorded October 31, 2019, and Volume IV recorded November 1, 2019. To avoid confusion, this Court will reference the Notes of Testimony using the volume number.

[3] Appellant was charged with possessing 11 firearms. The jury found Appellant not guilty of one of the firearms charges.

[4] Specifically, the trial court sentenced Appellant to a term of five to ten years of imprisonment at each Person Not to Possess a Firearm conviction and for PWID. The PWID sentence was set to run concurrently with six of the Person Not to Possess a Firearm sentences, while the remaining four sentences were set to run consecutively. The trial court imposed no further penalty on the remaining drug convictions.

J-S03040-21

sentence motion. Appellant timely appealed.[5] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

I. Whether the trial court erred in denying Appellant's Pre-Trial Motion for Writ of *Habeas Corpus* for the charge(s) of Possession of a Firearm Prohibited counts (1) through (22) where the Commonwealth failed to present [Appellant's] certified criminal history establishing that [Appellant] was precluded to possess a firearm pursuant to 18 Pa.C.S. § 6105(a).

II. Whether it is reversible error where the Commonwealth presented testimony that [Appellant] was previously incarcerated during its examination at trial and [Appellant] should be granted a new trial.

III. Whether the evidence was insufficient and against the weight to sustain a conviction for the charge(s) of Possession of a Firearm Prohibited counts (1) through (22) where the Commonwealth failed to prove beyond a reasonable doubt that [Appellant] was guilty based on the evidence and testimony presented at trial.

IV. Whether trial court erred in overruling [Appellant's] objection to the admission of video from a cell phone where there was no indication by Detective [Ryan] McWreath that he was able to authenticate who actually filmed the videos, the Commonwealth failed to established if the [*sic*] if the video was taken in the Commonwealth of Pennsylvania, or if the firearm shown in the video was actually a firearm or an airsoft gun, which is not considered a firearm under 18 Pa.C.S. § 6105(a)(1).

V. Whether the trial court erred [*sic*] denying [Appellant's] request for Judgement of Acquittal at the close of trial for the charge(s)

_____

[5] The trial court permitted trial counsel to withdraw prior to the filing of the notice of appeal so that Appellant could be represented by the Public Defender's Office on appeal. On June 9, 2020, this Court dismissed the appeal for failure to file a docketing statement. Upon application of appellate counsel and inclusion of a docketing statement, this Court reinstated the appeal on June 25, 2020.

- 3 -

of Possession of a Firearm Prohibited counts (1) through (22) where the Commonwealth failed to provide any evidence that [Appellant] was in actual physical possession or control of the firearms (1) through (22) whether visible, concealed about his person, or within his reach.

VI. Whether the sentence imposed by the trial court is excessive where [Appellant] was sentenced to no less than 20 years to no more than 40 years in an appropriate State Correctional Institution given the lack of evidence provided for the charge(s) of Possession of a Firearm Prohibited counts (1) through (22) where the Commonwealth failed to provide reliable evidence based on the testimony of law enforcement and expert witnesses.

Appellant's Br. at 8–9.

We summarily dispose of four of Appellant's issues at the outset. First, Appellant concedes his first and last issues in his brief. *Id.* at 14, 25. As to his second issue, Appellant acknowledges that trial counsel did not object to the introduction of evidence pertaining to Appellant's incarceration status. *Id.* at 15. Accordingly, Appellant waived this issue. *See Commonwealth v. Smith*, 213 A.3d 307, 309 (Pa. Super. 2019) (citations and quotation marks omitted) ("The absence of a contemporaneous objection below constitutes a waiver of the claim on appeal."), *appeal denied,* 223 A.3d 1286 (Pa. 2020). Finally, Appellant waived his fifth issue for failure to present any argument whatsoever. *See Commonwealth v. Miller*, 721 A.2d 1121, 1124 (Pa. Super. 1998) (citations omitted) ("When issues are not properly raised and developed in briefs, … a court will not consider the merits thereof.").

We next turn to Appellant's combined weight and sufficiency issue. Appellant's Br. at 15. Initially, we observe that these represent distinct challenges.

> The distinction between these two challenges is critical. A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution, whereas a claim challenging the weight of the evidence if granted would permit a second trial.

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence … concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Commonwealth v. Rivera*, 238 A.3d 482, 495 (Pa. Super. 2020) (quoting

*Commonwealth v. Widmer*, 744 A.2d 745, 751–52 (Pa. 2000) (footnote,

quotation marks, and some citations omitted)), *appeal denied*, 250 A.3d

1158 (Pa. 2021).

Before we address the merits of Appellant's weight and sufficiency

claims, we must determine whether Appellant has preserved them for our

review. "[A] weight of the evidence claim must be preserved either in a

post-sentence motion, by a written motion before sentencing, or orally prior

to sentencing. Failure to properly preserve the claim will result in waiver,

even if the trial court addresses the issue in its opinion." *Commonwealth*

*v. Lofton*, 57 A.3d 1270, 1273 (Pa. Super. 2012) (citations omitted). Here,

Appellant did not file a post-sentence motion or orally raise a weight

challenge prior to sentencing. Accordingly, Appellant waived his weight

claim.

Turning to Appellant's sufficiency challenge,

[w]e have repeatedly held that [i]n order to preserve a challenge
to the sufficiency of the evidence on appeal, an appellant's
[Rule] 1925(b) statement must state with specificity the element
or elements upon which the appellant alleges that the evidence
was insufficient. ... Therefore, when an appellant's 1925(b)
statement fails to specify the element or elements upon which
the evidence was insufficient[,] ... the sufficiency issue is waived
on appeal.

*Commonwealth v. Ellison*, 213 A.3d 312, 320-21 (Pa. Super.) (citations

and quotation marks omitted), *appeal denied*, 220 A.3d 531 (Pa. 2019).

Here, Appellant failed to specify in his Concise Statement the element or elements of Person Not to Possess a Firearm upon which he contends the evidence was insufficient. Nonetheless, it is apparent that Appellant purported to challenge the sufficiency of the Commonwealth's evidence to prove Appellant was the person who possessed the ten firearms as he argues that the Commonwealth lacked DNA evidence linking him to the ten firearms, and eight of those ten firearms were registered to Ruffin. Amended Concise Statement, 4/8/2020, at 2–4. Additionally, the trial court readily apprehended Appellant's claim. **See** Trial Ct. Op., 5/7/20, at 30–41. Accordingly, we decline to find waiver on this basis. ***See Commonwealth v. Laboy***, 936 A.2d 1058, 1060 (Pa. 2007) (*per curiam*).

The subsections of Person Not to Possess a Firearm that Appellant was found guilty of provide as follows.

**(a) Offense defined.--**

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

* * *

**(a.1) Penalty.--**

(1) Except as provided under paragraph (1.1), a person convicted of a felony enumerated under subsection (b) or a felony under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and

- 7 -

Cosmetic Act, or any equivalent Federal statute or equivalent statute of any other state, who violates subsection (a) commits a felony of the second degree.

(1.1) The following shall apply:

(i) A person convicted of a felony enumerated under subsection (b) or a felony under The Controlled Substance, Drug, Device and Cosmetic Act, or any equivalent Federal statute or equivalent statute of any other state, who violates subsection (a) commits a felony of the first degree if:

* * *

(B) at the time of the commission of a violation of subsection (a), the person was in physical possession or control of a firearm, whether visible, concealed about the person or within the person's reach.

* * *

18 Pa.C.S. § 6105 (footnote omitted).

On appeal, Appellant does not present any analysis as to how the evidence presented at trial failed to establish these elements. Rather, in the "Sufficiency of the Evidence" subsection of his argument, he merely sets forth four paragraphs of boilerplate sufficiency law. Appellant's Br. at 15–16. Accordingly, Appellant waived this issue for failure to develop it. **See Miller**, 721 A.2d at 1124.[6]

---

[6] Even if not waived, following our review of the Notes of Testimony, we conclude that the Commonwealth adduced sufficient evidence from which the jury could have concluded that Appellant possessed the ten firearms. The trial court authored a comprehensive Opinion wherein it articulated the specific evidence the Commonwealth presented. **See** Trial Ct. Op., 5/7/20,
*(Footnote Continued Next Page)*

Finally, we consider Appellant's fourth issue, challenging the admission of the cell phone videos. ***See*** Appellant's Br. at 21. On appeal, Appellant argues that the trial court erred in overruling his objection to the admission of the cell phone videos based on lack of authentication and that the "admission of the video is clearly prejudicial since the evidence used from the videos depicted Appellant using what could be an airsoft gun[,]" which he is not prohibited from using. ***Id.*** at 25.

The "[a]dmission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." ***Commonwealth v. Tyson***, 119 A.3d 353, 357 (Pa. Super. 2015) (*en banc*) (citation and quotation omitted). "[A]n abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will[,] or partiality, as shown by the evidence or the record." ***Commonwealth v. Cameron***, 780 A.2d 688, 692 (Pa. Super. 2001) (citation and quotation omitted).

Relevance is the threshold for admissibility of evidence. ***Commonwealth v. Cook***, 952 A.2d 594, 612 (Pa. 2008). "In a criminal case, … evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice." Pa.R.E. 404(b)(2). ***See also***

*(Footnote Continued)* ───────────────

at 30–41. Thus, if we reached the merits of this issue, we would adopt the trial court's Opinion as our own on this issue.

Daniel J. Anders, Ohlbaum on the Pennsylvania Rules of Evidence § 404.11 *et. seq*. (2017 ed. LexisNexis Matthew Bender). Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Pa.R.E. 401; ***Commonwealth v. Serge***, 896 A.2d 1170, 1177 (Pa. 2006). "Evidence that is not relevant is not admissible." Pa.R.E. 402.

The trial court explained its rationale for admitting the videos as follows.

> [W]hen the [c]ourt ruled on whether or not the aforementioned videos were relevant, the [c]ourt considered that Appellant admitted the …phone belonged to him, therefore, making it more probable that Appellant was the individual who created these videos. Indeed, all but two of the videos played for the jury were clearly filmed by Appellant himself. Furthermore, the majority of the videos were filmed in [Appellant's home in Washington, Pennsylvania] or in Appellant's vehicle, less than a month before the search warrant was executed, which inevitably makes it more probable that Appellant was possessing numerous firearms while he was deemed a person not to possess. Finally, the overall content of the various videos, such as Appellant['s] admitting to owning firearms, certainly makes it more probable that Appellant was claiming ownership of the firearms recovered from [his home], even though most of the firearms were registered to Ms. Ruffin. As such, the [c]ourt found all of the videos presented by the Commonwealth at the time of trial to be highly relevant.
>
> … [T]he [c]ourt finds the probative value of the videos and Detective McWreath's testimony regarding the identification of the firearms to outweigh the possibility of prejudice.

\* \* \*

- 10 -

...    Furthermore, [trial counsel] was free to cross examine Detective McWreath regarding his ability to accurately identify each firearm in the videos. Indeed, [he] engaged in a rigorous cross examination of that detective, which spanned over one hundred pages in the trial transcript.

Moreover, the jury watched each video for itself and was free to disagree with Detective McWreath's testimony if so desired.

Trial Ct. Op., 5/7/20, at 47–49 (citations omitted).

At trial, Appellant did not object to the admission of the videos based on a failure to authenticate who took the videos. *See Commonwealth v. Schoff*, 911 A.2d 147, 158 (Pa. Super. 2006) (explaining that a defendant must make a timely and specific objection at trial or face waiver of the issue on appeal). Instead, counsel objected based on the argument that the Commonwealth could not establish where the videos were taken or whether what appeared to be a shotgun in the videos was an airsoft gun or a firearm. N.T., Vol. I, at 212–15, 217–19. Upon review, we conclude that the trial court did not abuse its discretion in admitting the videos. Appellant's specific challenges go to the weight to be accorded to the videos, not their admissibility. As Appellant waived any weight challenges, he is not entitled to relief on this claim.

Judgment of Sentence affirmed.

Judge Murray joins the memorandum.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/30/2021