J-S23012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BARRY SCHLEGEL | : | |
| | : | |
| Appellant | : | No. 1605 EDA 2020 |

Appeal from the Judgment of Sentence[1] Entered July 10, 2020
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000426-2018

BEFORE:   LAZARUS, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED OCTOBER 22, 2021**

Barry Schlegel appeals from the judgment of sentence, entered in the Court of Common Pleas of Pike County, following his conviction for three counts of simple assault.[2]  After careful consideration, we affirm.

On August 4, 2018, Schlegel took his then-girlfriend, Concetta Friedfel, to the Wayne County Fair.  N.T. Jury Trial, 1/15/20, at 9-11.  About fifteen to

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although Schlegel filed his notice of appeal from the July 21, 2020 order denying post-verdict motions, we have amended the caption to reflect that the appeal is technically taken from the judgment of sentence.  ***See Commonwealth v. Chamberlain***, 658 A.2d 395 (Pa. Super. 1995) (order denying post-sentence motion acts to finalize judgment of sentence; thus, appeal is taken from judgment of sentence, not order denying post-sentence motion).

[2] 18 Pa.C.S. § 2701(a).

thirty minutes after Schlegel began to drive Friedfel home, the couple began to argue as Schlegel believed Friedfel was having an affair; consequently, Schlegel struck Friedfel three times before dropping her off at her home in Pike County. *Id.*, 1/14/20, at 32-41, 91. On January 15, 2020, Schlegel was convicted, by a jury, of three counts of simple assault. On July 13, 2020, Schlegel was sentenced to a total of thirty-six to seventy-two months' incarceration.

Schlegel filed post-sentence motions on July 20, 2020, arguing, *inter alia*, that a new trial should be granted because (1) Schlegel was prejudiced by prosecutorial misconduct and (2) Schlegel was tried and sentenced in Pike County, an improper venue, because the crime may have been committed in Wayne County. Post-Sentence Motions, 7/20/20, at 2-7. On July 21, 2020, the trial court denied Schlegel's post-sentence motions without a hearing. Schlegel filed a timely notice of appeal on August 19, 2020. Schlegel and the court subsequently complied with Pa.R.A.P. 1925. On appeal, Schlegel raises the following issues for our review:

1. Did the trial court err in failing to grant [Schlegel]'s post-sentence motion for [a] new trial based upon prosecutorial misconduct during closing argument, where counsel for the Commonwealth made repeated comments, the effect of which was to inflame the passions or prejudices of the jury, and express his personal belief or opinion as to the truth or falsity of testimony or evidence, and his opinion of [Schlegel's guilt]?

2. Did the trial court err in failing to grant [Schlegel']s post-sentence motion for [a] new trial based upon the fact that the trial testimony clearly established that the proper venue for

[the] trial would have been in Wayne County, and not Pike County[,] where it was actually tried?

Appellant's Brief, 3/12/21, at 2.

Schlegel's first claim raises an allegation of prosecutorial misconduct. Our "stringent" standard of review for a claim of prosecutorial misconduct stemming from improper argument to the jury is well-settled: "Comments by a prosecutor constitute reversible error only where their unavoidable effect is to prejudice the jury, forming in their minds a fixed bias and hostility toward the defendant such that they could not weigh the evidence objectively and render a fair verdict." *Commonwealth v. Chmiel*, 30 A.3d 1111, 1147 (Pa. 2011).

First, Schlegel argues that the prosecutor's statements "constitute reversible error" because they "prejudice[d] the jury, forming… fixed bias and hostility toward [Schlegel] such that they could not weigh the evidence objectively." Appellant's Brief, 3/12/21, at 6. No relief is due.

It is well-settled that failing to offer a specific, **timely** objection to the error or offense at trial results in the waiver of that claim. *Commonwealth v. Smith*, 213 A.3d 307, 309 (Pa. Super. 2019) (citations omitted) (emphasis added); *see also* Pa.R.A.P. 302. Instantly, Schlegel did not raise any objection to the Commonwealth's closing argument, and instead raised the issue for the first time in his post-sentence motions. N.T. Jury Trial, 1/15/20, at 126-60. Schlegel concedes in his appellate brief that he never made a timely, formal objection to the prosecutor's statements at trial, and he does

not cite to anything in the record or any legal authority suggesting this issue has been preserved for appeal. **See** Appellant's Brief, 3/12/2021, at 9. "[E]ven where a defendant objects to specific conduct, the failure to request a remedy such as a mistrial or curative instruction is sufficient to constitute a waiver." **Commonwealth v. Sandusky**, 77 A.2d 663, 670 (Pa. Super. 2013) (quoting **Commonwealth v. Manley**, 985 A.2d 256, 267 n. 8 (Pa. Super. 2000) (objection to prosecutor's closing argument, with no specific remedy request for curative instruction or mistrial, did not preserve issue for appeal)). Because Schlegel never made any timely objection to the Commonwealth's closing argument, let alone an objection with sufficient specificity to allow the court to correct any prejudice, this claim is waived.[3] **Commonwealth v. Rose**, 960 A.2d 149, 154-55 (Pa. Super. 2008).

Even if Schlegel's claim of prosecutorial misconduct was not waived, Schlegel would not be entitled to relief. Schlegel alleges that the prosecutor committed misconduct by: (1) commenting that defense counsel "can't figure out how to silence his cell phone[;]" (2) describing a portion of Schlegel's testimony as "bizarre" and "fanciful[;]" (3) "noting things that [Schlegel]

_____

[3] We note that a defendant seeking to object to the prosecutor's closing argument need not object exactly at the moment the allegedly prejudicial remarks are made to the jury, rather the defendant may wait, within reason, until the jury is not present to raise an objection with the judge. **See**, **e.g.**, **Rose**, **supra** (citing **Commonwealth v. Adkins**, 364 A.2d 287, 291 (Pa. 1976)).

didn't say to arresting officers;"[4] (4) asking the jury to consider Schlegel's incentives to lie; and (5) asking the jury to return a verdict "that speaks the truth because the truth in this case is that he is guilty." Appellant's Brief, 3/12/2021, at 7-8; N.T. Trial, 1/15/20, at 127-37.

Without further elaboration, Schlegel asserts that the prosecutor's conduct "could only have improperly enflamed the passions of the jury, convinced the jury of the personal opinions of the prosecutor on issues of guilt and credibility, and encouraged the jury to disregard valid applicable legal principles." Brief of Appellant, at 9. We find this argument unpersuasive. Schlegel has failed to establish that the "unavoidable effect" of this conduct, either individually or in the aggregate, "is to prejudice the jury, forming in their minds a fixed bias and hostility toward [Schlegel] such that they could not weigh the evidence objectively and render a fair verdict." *See Chmiel*, *supra*. First, there is nothing to suggest that the prosecutor's comments

_____

[4] While the Commonwealth cannot use a non-testifying defendant's pre-arrest silence to infer the defendant's guilt, "when a criminal defendant waives his right to remain silent and testifies at his own trial, neither the United States nor the Pennsylvania Constitution prohibit a prosecutor from impeaching a defendant's credibility by referring to his pre-arrest silence." *Commonwealth v. Bolus*, 680 A.2d 839, 844 (Pa. 1996). Here, the line of questioning that was referenced during trial did not regard Schlegel's pre-arrest silence as to whether he committed simple assault. Rather, the prosecutor argued that because Schlegel testified at trial that Friedfel hit him in the ear, his credibility on this point should be questioned because he gave inconsistent statements to the police, initially stating the confrontation was "just an argument" and failing to mention being struck himself. N.T. Trial, 1/15/2021, at 46-50, 81, 91-92, 131-32.

regarding defense counsel's cell phone prevented the jury from weighing the evidence objectively. *See id.*; *cf. Commonwealth v. Green*, 611 A.2d 1297, 1299 (Pa. Super. 1997) (prosecutor's closing remarks in shooting case, referencing "525 homicides in Philadelphia last year" and "shooting[s]" in Los Angeles "were calculated to inflame the prejudices of the jury"). Second, the prosecutor properly called Schlegel's credibility into question by describing a small portion of his testimony—that Schlegel could not remember whether he grabbed Friedfel's clothes—as "pretty bizarre," and pointing out that Schlegel's initial statement to police—that he and Freidfel just had "an argument," is inconsistent with his testimony that Freidfel struck his ear. N.T. Trial, 1/15/2021, at 130; *Commonwealth v. Judy*, 978 A.2d 1015, 1020 (Pa. Super. 2009) ("[I]t is improper for a prosecutor to express a **personal belief** as to [] credibility. . . [h]owever, the prosecutor may comment on the credibility of witnesses"). Third, the prosecutor properly asked the jury to consider Schlegel's credibility, including any incentive to lie. *Id.* at 1023 ("A prosecutor's contention that a defendant lied is neither unfair nor prejudicial when the outcome of the case is controlled by credibility."). Lastly, the prosecutor's plea to the jury to find a verdict that "speaks the truth" that Schlegel is "guilty" fits permissible oratorical flair, summary, and argumentation. *See Commonwealth v. Burno*, 94 A.3d 956, 974-75 (Pa. 2014) (finding prosecutor's plea to the jury to "[f]ind [defendant] guilty of first degree murder" was not "objectionable prosecutorial misconduct"); *see*

*also Commonwealth v. Clancy*, 192 A.3d 44, 48-51 (Pa. 2018) (prosecutor's comments that defendant was "a cold blood killer" did not constitute misconduct).

Additionally, the prosecutor reminded the jury of its role as fact-finder and weigher of witness credibility, how "[their] memory controls", and told them to "use their sense[,]" to "consider the evidence[,]" and follow legal principles. N.T. Trial, 1/15/2021, at 130, 133, 139. Under these circumstances, the trial court properly denied Schlegel's post-sentence motion for a new trial based on prosecutorial misconduct. *Chmiel*, *supra*.

Next, we turn to whether the court erred in denying Schlegel's post-sentence motion for a new trial based on improper venue. "[V]enue begins in the court with a geographic connection to the events at issue" and requires a party to move to change venue "addressed to the discretion of the trial court" based on "the inability to receive a fair and impartial trial in the original tribunal." *Commonwealth v. Bethea*, 828 A.2d 1066, 1075 (Pa. 2003).

Venue requires that a criminal defendant stand trial in the county in which the crime was committed, protecting the accused from unfair prosecutorial forum shopping. U.S. Const. Amend. VI; Pa. Const. Art. I, § 9. "[T]he purpose of venue, apart from the manner in which it relates to subject matter jurisdiction, is a matter of convenience to the litigants." *Commonwealth v. Miskovitch*, 64 A.3d 672, 689 (Pa. Super. 2013). The Commonwealth has the burden of proving that venue is proper

and should "prove venue by a preponderance of the evidence **if the defendant properly raises the issue**." ***Commonwealth v. Gross***, 101 A.3d 28, 33 (Pa. 2014) (holding that Commonwealth's preliminary hearing transcript supported its belief that venue was proper and defendant carried burden to rebut) (emphasis added).

In his post-sentence motion, Schlegel argued that a new trial was warranted, alleging for the first time that venue was improper. Because Schlegel never sought dismissal of his case on grounds of improper venue before or during his trial, the Commonwealth had no burden to prove venue. ***See Gross***, ***supra***; ***see also Commonwealth v. Succi***, 173 A.3d 269, 283-84 (Pa. Super. 2017) (holding that because appellant did not seek dismissal of appellant's New Jersey cases based on improper venue before trial court, that argument was waived on appeal).

Here, Schlegel testified at trial that the entire event occurred in Wayne County and not Pike County—specifically, during the drive back from the Wayne County Fair. N.T. Jury Trial, 1/15/20, at 55. Therefore, Schlegel and his defense team clearly had access to enough information to raise a venue challenge before the trial began, and Schlegel should have done so either before or during trial. ***See Succi***, ***supra.*** Instead, Schlegel waited until the trial was over and his guilt was established to raise a claim of improper venue. Because Schlegel never made a timely objection regarding venue, the venue issue has been waived. ***See Commonwealth v. Baumhammers***, 960 A.2d

59, 63 (Pa. 2008) (holding issues are not preserved solely by raising them at "**at any time** during the lower court proceedings" but rather by objections "made timely to the error"); ***Smith***, ***supra*** at 309.

Based on the foregoing, the trial court did not err or abuse its discretion in denying Schlegel's post-sentence motion for a new trial.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2021