J-S38041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONALD STANLEY KNUPP | : | |
| | : | |
| Appellant | : | No. 290 WDA 2021 |

Appeal from the Judgment of Sentence Entered October 8, 2020
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0000940-2019

BEFORE:   BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED APRIL 28, 2022**

Appellant, Donald Stanley Knupp, appeals from the judgment of

sentence imposed following his conviction of driving under the influence

("DUI")—general impairment and no rear lights.[1]  As we find that Appellant's

sole appellate issue was waived, we affirm.[2]

On March 3, 2019, Appellant was pulled over by a Pennsylvania State

Trooper after the officer observed Appellant driving erratically.  Appellant

refused a breath test, and he was arrested on suspicion of DUI.  Appellant was

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 3802(a)(1), 4303(b).

[2] Also before this Court is the March 16, 2022 application of Rose A. Semple, Esquire, to withdraw as counsel for Appellant in this appeal.  As substitute counsel from the Washington County Public Defender's Office concurrently entered her appearance on behalf of Appellant, we grant the application to withdraw.

charged with DUI—general impairment, improper right turn,[3] careless driving,[4] and no rear lights. On March 27, 2019, a notice was issued providing that a preliminary arraignment would take place on that date before a magisterial district judge at which Appellant would be notified of the charges against him, his right to counsel and a preliminary hearing, and he would be given a reasonable opportunity to post bail. Preliminary Arraignment Notice, 3/27/19. Appellant did not post bail and remained in detention through trial and sentencing.

After a bench trial on January 14, 2020, the trial court found Appellant guilty of DUI and no rear lights and not guilty of improper right turn and careless driving. On October 8, 2020, the trial court sentenced Appellant on the DUI offense to a term of imprisonment of 90 days to 2 years and a fine of $500 and on the no rear lights offense to a fine of $25.

Appellant filed a timely post-sentence motion challenging the sufficiency of the evidence as to his DUI conviction. In his later brief in support of post-sentence motion, Appellant also argued that the Commonwealth's use at trial of his statement upon refusing to consent to a chemical test of his blood violated Appellant's rights under the Fourth Amendment of the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution. On January 28, 2021, the trial court entered an order denying Appellant's post-

---

[3] 75 Pa.C.S. § 3331(a).

[4] 75 Pa.C.S. § 3714(a).

sentence motion. Appellant thereafter filed a timely appeal. The trial court did not require that Appellant file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and instead entered an order incorporating the reasons stated in its January 28, 2021 order as its Rule 1925(a) opinion.

On appeal, Appellant presents the following issue: "Whether it was reversible error for [Appellant] to never be formally arraigned before trial, conviction and sentencing in this matter." Appellant's Brief at 4. Appellant asserts that, in Washington County, the local practice is to forego formal arraignment except in homicide cases. Appellant contends that it is "unconscionable" to not hold formal arraignments for defendants such as Appellant who are charged with minor offenses and that this practice deprived him of due process. *Id.* at 7. In light of the denial of his due process rights, Appellant requests that his conviction be vacated.

The Commonwealth argues that Appellant's sole appellate issue is waived because it was not raised before the trial court. We agree. As Appellant acknowledges in his brief, Appellant did not raise his issue prior to or during trial or in his post-sentence motion. *See id.* at 6 ("This brief is the first occasion that counsel has brought up the issue of lack of formal arraignment in this matter."). The issues Appellant raised in his post-sentence motion and subsequent brief have been abandoned on appeal.

"[I]t is axiomatic that issues not raised in lower courts are waived for purposes of appellate review, and they cannot be raised for the first time on appeal." *Trigg v. Children's Hospital of Pittsburgh of UPMC*, 229 A.3d

- 3 -

260, 269 (Pa. 2020); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). "The issue preservation requirement ensures that the trial court that initially hears a dispute has had an opportunity to consider the issue, which in turn advances the orderly and efficient use of our judicial resources, and provides fairness to the parties." *Commonwealth v. Hill*, 238 A.3d 399, 407 (Pa. 2020) (citation and brackets omitted). The doctrine of waiver applies even where the issue is one of constitutional dimensions. *In the Interest of T.W.*, 261 A.3d 409, 425 n.9 (Pa. 2021).

Here, Appellant did not raise his issue pertaining to the claimed absence of a formal arraignment before the trial court and instead raised this issue for the first time in this appeal. Therefore, we are constrained to find that this issue is waived.[5] Pa.R.A.P. 302(a); *Trigg*, 229 A.3d at 269. As Appellant has waived his only appellate issue, we affirm his judgment of sentence.

Judgment of sentence affirmed. Application to withdraw granted.

---

[5] We note that Appellant is not excused from his failure to raise his appellate issue before the trial court based upon the fact that the trial court did not enter an order requiring him to file a Rule 1925(b) concise statement. "Raising an issue for the first time in a Rule 1925(b) statement is insufficient to prevent waiver of an issue that the appellant failed to raise while the case was pending in the trial court." *Commonwealth v. Jones*, ___ A.3d ___, 2021 PA Super 250, at*3 (Pa. Super. 2021); *see also Commonwealth v. Smith*, 213 A.3d 307, 309 (Pa. Super. 2019). We further note that exceptions exist in criminal cases to the trial-court-issue-preservation requirement relating to issues addressing the legality of the sentence and the sufficiency of the evidence. Pa.R.Crim.P. 606(A)(7); *Commonwealth v. Hodges*, 193 A.3d 428, 432-33 (Pa. Super. 2018). Neither of these exceptions is applicable here.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/28/2022