J-S04010-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NAHIM COOPER | : | |
| | : | |
| Appellant | : | No. 722 EDA 2023 |

Appeal from the Judgment of Sentence Entered January 25, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000513-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NAHIM R. COOPER | : | |
| | : | |
| Appellant | : | No. 1377 EDA 2023 |

Appeal from the Judgment of Sentence Entered January 25, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001217-2020

BEFORE:  BOWES, J., STABILE, J., and LANE, J.

MEMORANDUM BY BOWES, J.:　　　　　　　　**FILED FEBRUARY 22, 2024**

Nahim R. Cooper appeals from the aggregate judgment of sentence of ten and one-half to twenty-one years of imprisonment imposed upon his convictions for, *inter alia*, attempt to commit murder of the first degree.  We affirm.

The trial court summarized the background of this matter as follows:

Shortly before midnight on November 30, 2019, Ferlin Fletcher was shot in the back outside the Princess Market at 1126 Hook Road in Darby Township, Pennsylvania. He survived the shooting and was interviewed by police at the hospital. Police recovered video evidence from the Princess Market showing Appellant . . . leaving the scene in his car immediately after the shooting. At 12:18 a.m. [the next morning], Appellant called the Collingdale Police Department and falsely reported his car had been stolen. On January 2, 2020, Appellant was arrested and charged with false reports to law enforcement for falsely claiming his car was stolen. [Eight days later], Appellant was charged with the shooting of Ferlin Fletcher. The cases were joined for trial.

From January 27, 2022 through February 1, 2022[,] Appellant was tried on the cases before a jury. As the jury was deliberating, a court officer was diagnosed with COVID-19 and the jury had been in his presence. As a result of their possible exposure to COVID-19, the jury was excused[,] and a mistrial was declared. [Both cases were subsequently scheduled to be retried. Approximately a month before they were, the Commonwealth filed a pre-trial statement, indicating therein that it would be seeking a ten-year mandatory minimum sentence pursuant to 42 Pa.C.S. § 9714(a) for any convictions constituting a crime of violence.]

Trial Court Opinion, 5/17/23, at 1-2.

During the second jury trial, the Commonwealth introduced several recordings of phone calls Appellant made from jail. Detective Daniel McFarland, testifying as a lay witness, defined certain slang words used by the participants on the calls. Critically, Appellant did not object to this testimony.

The jury convicted Appellant of all charges in both cases, which included aggravated assault and attempt to commit first-degree murder. The Commonwealth filed a pre-sentence memorandum, reiterating its request that the trial court impose a mandatory minimum of ten years in prison since Appellant had a previous conviction for a crime of violence. The court

ultimately sentenced Appellant as indicated hereinabove, imposing the ten-year mandatory minimum for attempted murder based on the prior conviction.

Appellant filed this timely appeal.[1]  He further complied with the trial court's order to file a concise statement of errors, and the court entered an opinion pursuant to Pa.R.A.P. 1925(a).  We consolidated the appeals *sua sponte*.  Appellant presents the following issues for our review:

I.      Did the trial court err in allowing the police and other Commonwealth witnesses to testify regarding what certain slang words in the audio of the prison phone calls played to the jury, meant?

II.     Did the trial court err in sentencing [Appellant] by allowing the Commonwealth to invoke the mandatory minimum against [Appellant] for his second trial?

Appellant's brief at 5-6 (reordered for ease of disposition).

In his first issue, Appellant contends that the trial court erred in permitting Detective McFarland to testify as to the meaning of certain slang terms spoken on the jail telephone recordings introduced at trial.  *See* Appellant's brief at 12-15.  Initially, we observe:

> The admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion.  An abuse of discretion is not merely an error in judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is

---

[1] Appellant originally filed a single notice of appeal listing both docket numbers.  By order of this Court, Appellant later filed two amended notices in the court of common pleas, each listing only one trial court docket number.  Hence, the appeals are properly before us.  *See Commonwealth v. Young*, 280 A.3d 1049, 1057 (Pa.Super. 2022) (holding that excepting good cause, it is appropriate to allow a party to correct a defective notice of this type).

manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

*Commonwealth v. Ganjeh*, 300 A.3d 1082, 1091 (Pa.Super. 2023) (cleaned up).

Here, the detective's testimony was introduced in his capacity as a lay witness, which is governed by our rules of evidence as follows:

If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:

(a) rationally based on the witness's perception;

(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702 [(concerning testimony by expert witnesses)].

Pa.R.E. 701.

Appellant argues that that Detective McFarland's testimony did not satisfy Pa.R.E. 701, but rather constituted improper expert testimony. *See* Appellant's brief 13. He claims that the definitions provided by the detective were made to have a conclusive or nefarious meaning when none existed, which prejudiced the jury. *Id*. at 12. Appellant cites federal cases interpreting F.R.E. 701, the federal equivalent to Pennsylvania's rule, to support his position that this was not permissible as lay witness testimony. *Id*. at 14.

In its Rule 1925(a) opinion, the trial court determined that this issue was meritless for several reasons. Pertinent here, it found that while counsel for Appellant "did object to portions of the lay opinion on the grounds [that]

the Commonwealth had not established Appellant was the person speaking[,]" counsel did not object on the basis that providing an explanation of the slang terms was expert testimony. *See* Trial Court Opinion, 5/17/23, at 8. Thus, it concluded that Appellant had waived this argument. *Id*.

After consideration, we agree that this issue is waived. Our review of the certified record confirms that while Appellant did lodge four separate objections during Detective McFarland's testimony concerning the recordings, none of them related to the detective's offering of the definitions in question. Three objections were on the basis that Detective McFarland could not ascertain whose voice was on the tape, whereas the fourth concerned the Commonwealth's request to allow the detective to read from a transcript while testifying as to the content of the recordings. *See* N.T. Trial, 12/1/22, at 108, 136, 140, 144. Accordingly, Appellant has failed to preserve this issue for appellate review. *See Commonwealth v. Smith*, 213 A.3d 307, 309 (Pa.Super. 2019) ("The absence of a contemporaneous objection below constitutes a waiver of the claim on appeal." (citation omitted)).

Appellant next faults the trial court for imposing a ten-year mandatory minimum prison term, specifically averring that the Commonwealth waived the right to assert the same since it did not provide the requisite notice prior to the conclusion of Appellant's first trial. *See* Appellant's brief at 10-11. This challenges the legality of his sentence, "for which our standard of review is *de*

*novo* and our scope of review is plenary."[2] ***Commonwealth v. Widger***, 237 A.3d 1151, 1161-62 (Pa.Super. 2020) (citation omitted).

The trial court imposed the mandatory minimum sentence upon Appellant pursuant to 42 Pa.C.S. § 9714. In relevant part, that section provides:

> **§ 9714. Sentences for second and subsequent offenses.**
>
> **(a) Mandatory sentence.**--
>
> > (1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary.
> >
> > . . . .
>
> **(d) Proof at sentencing.**--Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing.

---

[2] Appellant also claims that the Commonwealth's waiver "should be a double jeopardy issue." Appellant's brief at 9. However, it is unclear how double jeopardy relates to Appellant's claim that he was improperly sentenced under the mandatory minimum provisions of 42 Pa.C.S. § 9714(a). As the trial court correctly observed, Appellant cites no authority applying this doctrine to matters involving the legality of a sentence. Accordingly, we deem the double jeopardy aspect of his challenge waived for lack of development. ***See Commonwealth v. Westlake***, 295 A.3d 1281, 1286 n.8 (Pa.Super. 2023) ("[W]hen issues are not properly raised and developed in briefs, [or] when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." (citation omitted)).

42 Pa.C.S. § 9714.

In denying relief as to his issue, the trial court cogently analyzed the matter thusly:

> The plain language of . . . § 9714(d) requires the Commonwealth to provide reasonable notice of its intent to invoke the mandatory minimum prior to sentencing. Specifically, that statute provides "notice . . . to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing."
>
> Appellant argues the failure of the Commonwealth to provide notice of its intention to invoke the mandatory minimum prior to the first trial somehow precludes the Commonwealth from invoking the mandatory minimum at the subsequent trial. Appellant offers no legal authority in support of this argument. In short, Appellant's argument directly conflicts with the statutory notice requirement cited above. The Commonwealth properly invoked the mandatory minimum sentencing provision prior to commencement of the second trial and again in the Commonwealth's presentence memorandum. As a result, the sentence should not be disturbed on appeal.

Trial Court Opinion, 5/17/23, at 5-6.

In his brief, Appellant offers no meaningful discussion of § 9714, nor the fact that the statute does not require the Commonwealth to provide notice to seek a mandatory minimum prior to conviction. *See* Appellant's brief at 10-11. Instead, Appellant generally argues that the Commonwealth has waived its ability to seek application of this section because it did not provide the required notice prior to the time the first trial was declared a mistrial. *Id*. at 11. He believes that since the Commonwealth only provided notice shortly before the second trial began, it "acted with vindictiveness and malice" in

response to his demand for the second trial, and therefore should not be permitted to seek the mandatory minimum at sentencing. *Id*. From what we can gather, Appellant appears to contend that because the Commonwealth used its power to attempt to discourage Appellant from exercising his right to a subsequent trial, double jeopardy should bar it from the benefit of this statute. *Id*.

Upon review, we agree with the sound reasoning of the trial court and find that it did not impose an illegal sentence. As the court aptly noted, by providing notice of its desire to pursue a mandatory minimum sentence both in its pre-trial statement and its pre-sentencing memorandum, the Commonwealth complied with its obligations pursuant to § 9714(d). The fact that the first trial was declared a mistrial before the jury rendered a verdict is irrelevant for purposes of determining whether this section was satisfied, since the statute specifically dictates that notice was not required to be given before conviction. Had the first trial resulted in convictions instead of a mistrial, the Commonwealth would have had the opportunity to seek the ten-year mandatory minimum sentence that was imposed by giving notice between the time of the conviction and sentencing. Accordingly, Appellant has not convinced us that there was any waiver as to this section or that his sentence is illegal.

Since Appellant presents no issues warranting relief, we have no cause to disturb his judgments of sentence.

Judgments of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: 2/22/2024