J-S35005-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY GAMBIRAZIO | : | |
| | : | |
| Appellant | : | No. 172 MDA 2025 |

Appeal from the Judgment of Sentence Entered August 4, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0003034-2021

BEFORE:  OLSON, J., MURRAY, J., and LANE, J.

MEMORANDUM BY OLSON, J.:                    **FILED: NOVEMBER 14, 2025**

Following restoration of his direct appeal rights on February 5, 2025, Appellant, Anthony Gambirazio, appealed from the judgment of sentence originally entered on August 4, 2021, which was made final by the denial of his post-sentence motion on December 5, 2022.  In this direct appeal, Appellant's counsel has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw.  Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous. Therefore, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

The trial court summarized the relevant facts and procedural history of this case as follows.

> On April 21, 2022, [Appellant] was convicted of aggravated assault. . . . . robbery, [conspiracy to commit aggravated assault,] conspiracy to commit robbery, simple assault, and theft by unlawful taking following a jury trial.[1]
>
> ***
>
> [The testimony at Appellant's trial established the following. Bryan Padilla, the Victim,] testified that as he walked up the stairs of his apartment building[,] he was assaulted by two individuals, one of which was [Appellant. The Victim] knew [Appellant] prior to the date of the assault[, which occurred] on June 15, 2021. During the assault, [the Victim] was beaten and struck with a firearm on his head and face. He had a cell[ular tele]phone and U[nited States] currency taken from his person during the robbery. [Appellant] also shot [the Victim] and ran from the scene.
>
> [The Victim] walked to a neighbor's house for assistance while bleeding profusely from his head, face and arm. He was taken to Lehigh Valley Hospital in Hazelton[, Pennsylvania,] and eventually transferred to Allentown[, Pennsylvania. The Victim] suffered a neck fracture, head injuries and a gunshot wound to his right arm. He description of the pain was "excruciating." Based on the [Victim's] testimony[, Appellant] was the individual who initiated the attack.
>
> [Appellant's s]entencing occurred on August 4, 2022. [Appellant] received 66 to 132 months[' incarceration] on the aggravated assault conviction, 54 to 108 months[' incarceration] on the conspiracy to commit aggravated assault conviction, 60 to 120 months[' incarceration] on the robbery conviction[,] and 48 to 96 months[' incarceration] on the conspiracy to commit robbery conviction. All of the sentences were to run consecutively. No sentences were imposed on the simple assault and theft convictions due to merger. All sentences were within the standard range of the guidelines and

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 3701(a)(1)(i), 903(a), 2701(a), and 3921(a).

[Appellant] received credit for serving 430 days of incarceration prior to sentencing.

On August 10, 2022, [Appellant filed] a post[-]sentence motion to modify [his] sentence[.] The motion only sought modification and reconsideration of [Appellant's] sentence. By order dated December 5, 2022, the motion was denied. A notice of appeal was filed on January 3, 2023 [by newly-appointed counsel. On appeal, Appellant argued that the trial court erred in denying his trial counsel's request to withdraw as counsel and challenged the discretionary aspects of his sentence. Because Appellant's first issue was not included in his Rule 1925(b) statement and because Appellant failed to include a Rule 2119(f) statement in his appellate brief, the trial c]ourt found that both [] issues raised by Appellant on appeal were waived. ***See Commonwealth v. Gambirazio***, 311 A.3d 555 (Pa. Super. 2023) (non-precedential decision). Accordingly, [the trial c]ourt affirmed Appellant's] judgment of sentence . . . in a Memorandum Opinion filed on December 1, 2023. [***Id.***]

On September 5, 2024, [Appellant filed] a petition for [P]ost[-C]onviction [C]ollateral [R]elief [pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546]. A supplemental PCRA petition was filed on [Appellant's] behalf by counsel on December 12, 2024. An order was filed on February 5, 2025 which approved a stipulation to restore [Appellant's] direct appeal rights[ because Appellant's counsel's failures on appeal effectively nullified Appellant's right to a direct appeal.]

As a result of the stipulation and order, a notice of appeal was filed on February 7, 2025. An order was then issued on February 7, 2025 which required that a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) be filed by [Appellant] within [21] days. Appellate counsel complied with the order by filing a concise statement on February 20, 2025.

Trial Court Opinion, 3/28/25, at 1-2 (footnote added) (footnotes and internal citations omitted).

On appeal, Appellant's counsel filed a petition for leave to withdraw and counsel accompanied this petition with an *Anders* brief. Before reviewing the merits of this appeal, this Court must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. ***Commonwealth v. Miller***, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under *Anders*, counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." *Miller*, 715 A.2d at 1207. Second, counsel must file an *Anders* brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. Finally, counsel must furnish a copy of the *Anders* brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." ***Commonwealth v. Woods***, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal

is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n.5; ***see also***

***Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en*

*banc*) (holding that the ***Anders*** procedure requires this Court to review "the

entire record with consideration first of the issues raised by counsel. …[T]his

review does not require this Court to act as counsel or otherwise advocate on

behalf of a party.  Rather, it requires us only to conduct a review of the record

to ascertain if[,] on its face, there are non-frivolous issues that counsel,

intentionally or not, missed or misstated.  We need not analyze those issues

of arguable merit; just identify them, deny the motion to withdraw, and order

counsel to analyze them").  It is only when all of the procedural and

substantive requirements are satisfied that counsel will be permitted to

withdraw.

In the case at bar, counsel complied with all of the above procedural

obligations.[2]  We must, therefore, review the entire record and analyze

---

[2] Counsel filed an ***Anders*** brief and petition to withdraw on June 9, 2025, and on July 8, 2025, Appellant filed a *pro se* response entitled "Brief for Appellant;" however, upon review of the filings, this Court discovered that counsel failed to attach a copy of a letter advising Appellant of his rights pursuant to ***Commonwealth v. Millisock***, 873 A.2d 748 (Pa. Super. 2005).  In addition, this Court noted that the petition to withdraw did not contain a certificate of service demonstrating service on Appellant.  Accordingly, on July 25, 2025, this Court entered an Order directing counsel to file in this Court proof of service of the petition to withdraw on Appellant, notify Appellant with a proper statement advising him as required by ***Millisock***, and file in this Court a copy of the letter notifying Appellant.  Counsel filed a response on August 4, 2025, which included a copy of a ***Millisock*** letter sent to Appellant and proof of service of the petition to withdraw.  On August 5, 2025, this Court issued an Order giving Appellant 30 days to file an additional response to counsel's
*(Footnote Continued Next Page)*

whether this appeal is, in fact, wholly frivolous. Our analysis begins with the claim raised in the **Anders** brief, which is as follows:

> 1. Whether the trial court committed an error of law or abused its discretion in sustaining the Commonwealth's objection to [] Appellant presenting *alibi* testimony and/or evidence [during trial?]
>
> 2. Whether the trial court abused its discretion in failing to consider [] Appellant's age, family history, education, and employment history [during sentencing?]

**Anders** Brief at 1.

In his first issue, Appellant argues that the trial court erred in excluding his personal testimony in which Appellant attempted to present *alibi* evidence.[3]  More specifically, Appellant contends that the trial court erred in excluding *alibi* evidence presented during his testimony after the Commonwealth objected, claiming that Appellant failed to provide notice thereof pursuant to Pa.R.Crim.P. 567(A).  Upon review, we are constrained to find that this claim of error is waived.

When reviewing a trial court's evidentiary ruling, we apply an abuse of discretion standard of review.  ***Commonwealth v. Akrie***, 159 A.3d 982, 986

_____

petition to withdraw and **Anders** brief. On September 3, 2025, Appellant filed a *pro se* response entitled "Response to Anders Brief" in which he asked this Court to consider his *pro se* "Brief for Appellant" filed on July 8, 2025.

[3] In Appellant's *pro se* response to counsel's **Anders** brief on July 8, 2025, Appellant argues that the trial court erroneously excluded *alibi* evidence during his testimony at trial.  Appellant contends that the trial court's error was prejudicial and warrants a new trial.  Because counsel's **Anders** brief raises this exact issue, we will address this claim together.

(Pa. super. 2017). "The admission of evidence is committed to the sound discretion of the trial court, and a trial court's ruling regarding the admission of evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous." *Id.* at 986-987.

This Court recently explained:

> Pennsylvania Rule of Criminal Procedure 567 governs notices of *alibi* defense. It provides that a defendant who intends to offer an *alibi* defense at trial must file a "notice specifying an intention to offer an *alibi* defense, and shall serve a copy of the notice and a certificate on the attorney for the Commonwealth." Pa.R.Crim.P. 567(A). If the defendant fails to file and serve the notice, the court may exclude any *alibi* evidence offered by the defendant, "except testimony by the defendant" or may grant a continuance to enable the Commonwealth to investigate the evidence. Pa.R.Crim.P. 567(B). The Rule provides an exception, however, where the *alibi* testimony will come from the defendant:
>
> > A defendant may testify concerning an *alibi* notwithstanding that the defendant has not filed notice, but if the defendant has filed notice and testifies concerning his or her presence at the time of the offense at a place or time different from that specified in the notice, the defendant may be cross-examined concerning such notice.
>
> Pa.R.Crim.P. 567(G).

*Commonwealth v. Santiago*, 2025 WL 1256153 *1, *12 (Pa. Super. 2025) (non-precedential decision).

Herein, Appellant testified in his own defense at trial. Before Appellant's testimony, the Commonwealth asked for "an offer of proof limited to the issue of . . . [whether Appellant intended to] offer[] an *alibi* defense that he was not

there" because the Commonwealth did not receive notice thereof as mandated by Pa.R.Crim.P. 567(A). N.T. Trial, 4/21/22, at 3-4. The trial court and defense counsel, therefore, asked Appellant what he intended to say during his testimony. Appellant responded:

> I was not – I was not there at the time of that thing that happened. And I want to prove that he's committing perjury on the stand.

*Id.* at 4. The Commonwealth objected to Appellant's proffered testimony, stating:

> Your Honor, I would ask . . . that type of testimony be precluded since the Commonwealth was not provided sufficient notice that he intended to assert an *alibi* defense, and we would have had a right to investigate that defense prior to him taking the witness stand.

*Id.* The Commonwealth, Appellant's counsel and the trial court then had a discussion in-chambers. Thereafter, Appellant testified. The relevant portion of Appellant's testimony is as follows:

> [Defense counsel]: Okay, [n]ow, obviously, you heard [the Victim] testified as to the incident that occurred in June of 2021?
>
> [Appellant]: Yes.
>
> [Defense counsel]: Now, did you shoot him?
>
> [Appellant]: No, I did not shoot him.
>
> [Defense counsel]: And where were you?
>
> [Appellant]: I was actually –
>
> > [The Commonwealth]: Objection.
> >
> > [The court]: Sustained.

- 8 -

[Defense counsel]: Were you there?

[Appellant]: No, I was not there.

*Id.* at 7.

A review of the foregoing demonstrates that, upon the Commonwealth's objection, the trial court precluded Appellant from presenting *alibi* evidence during his own testimony because Appellant failed to provide notice pursuant to Pa.R.Crim.P. 567(A). Rule 567(G), however, "provides an exception" to this prohibition if and when *alibi* testimony "come[s] from the defendant." **Santiago**, 2025 WL 1256153 at *12. Indeed, Rule 567(G) specifically allows a criminal defendant to offer *alibi* testimony even if he or she failed to file notice pursuant to Rule 567(A). **See** Pa.R.Crim.P. 567(G) ("A defendant **may** testify concerning an alibi **notwithstanding that the defendant has not filed notice**.") (emphasis added). Hence, the trial court's decision to exclude such testimony was contrary to the exception set forth in Rule 567(G). A review of the certified record, as well as counsel's **Anders** brief submitted to this court, however, reveals that Appellant's trial counsel failed to argue – on the record – that Appellant's testimony was, in fact, admissible under Rule 567(G). **See** N.T. Trial, 4/21/22, at 3-4 and 7; **see also Anders** Brief at 8 ("Instantly, trial counsel failed to present any argument on behalf of Appellant that he should have been able to present *alibi* evidence."). We are, therefore, constrained to find that this issue is waived. **See** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); **Commonwealth v. Smith**, 213 A.3d 307, 309 (Pa. Super.

2019) ("The absence of a contemporaneous objection below constitutes a waiver of the claim on appeal."); *see also Commonwealth v. Duncan*, 2020 WL 416364, *1,*4 (Pa. Super. 2020) (non-precedential decision) (addressing the appellant's claim of ineffective assistance of counsel because, on direct appeal, this Court determined that the issue regarding Pa.R.Crim.P. 567 was waived because defense counsel failed to argue that the appellant's testimony regarding an *alibi* was admissible during trial). Because this issue is waived, we agree with counsel's assessment that "pursing th[e] matter on direct appeal is frivolous." *Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008) (concluding waived claims are frivolous).

In his second issue, Appellant challenges the discretionary aspects of his sentence. Importantly,

> "[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:
>
> > (1) whether the appeal is timely; (2) whether [the] appellant preserved his[, or her,] issues; (3) whether [the] appellant's brief includes a [Pennsylvania Rule of Appellate Procedure] 2119(f) concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.
>
> *Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

*Commonwealth v. Pisarchuk*, 306 A.3d 872, 878 (Pa. Super. 2023) (original brackets and extraneous capitalization omitted), *appeal denied*, 318 A.3d 95 (Pa. 2024).

Instantly, Appellant filed a timely notice of appeal, properly preserved his claim by filing a post-sentence motion on August 10, 2022, and included a Rule 2119(f) statement in his brief. **See Anders** Brief at 3. Thus, we turn to whether he raised a substantial question. A substantial question is raised by demonstrating that the trial court's actions were inconsistent with the Sentencing Code or contrary to a fundamental norm underlying the sentencing process. *Commonwealth v. Bonner*, 135 A.3d 592, 603 (Pa. Super. 2016). This issue is evaluated on a case-by-case basis. **Id.** This Court will not look beyond the statement of questions involved and the prefatory Rule 2119(f) statement to determine whether a substantial question exists. *Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018) (citation omitted). Moreover, for purposes of determining what constitutes a substantial question, "we do not accept bald assertions of sentencing errors," but rather require an appellant to "articulat[e] the way in which the court's actions violated the sentencing code." *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. 2006).

Upon review, we conclude that Appellant failed to articulate a substantial question within his Rule 2119(f) statement. In his Rule 2119(f) statement, Appellant contends that the sentence issued by the trial court was excessive because it failed to consider "Appellant's age, family history, education and

- 11 -

employment history." **Anders** Brief at 3; **see also** Appellant's Post-Sentence Motion, 8/10/22, at *1 (unpaginated). In essence, Appellant argues that the trial court failed to adequately consider mitigating factors in issuing his sentences for each conviction, all of which were in the standard range of the Sentencing Guidelines. Our case law is clear, however, that claims of inadequate consideration of mitigating factors do not raise a substantial question. **See Commonwealth v. Crawford**, 257 A.3d 75, 79 (Pa. Super. 2021); **see also Commonwealth v. Velez**, 273 A.3d 6, 10 (Pa. Super. 2022) (noting that the "weight accorded to the mitigating factors or aggravating factors presented to the sentencing court is within the [sentencing] court's exclusive domain."). As Appellant did not raise a substantial question, we will not review the merits of his discretionary sentencing claim and similarly conclude with counsel that Appellant's challenge is frivolous.

We have independently considered the issues raised within counsel's **Anders** brief and we have determined that the claims are frivolous. In addition, after an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is, therefore, wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw appearance granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/14/2025